**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONTARIE STALLINGS, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-2497-RWS |
| MICHELIN AMERICAS : | |
| RESEARCH & DEVELOPMENT : | |
| CORPORATION, et al., : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

This case comes before the Court on Plaintiffs' Motion for Reconsideration [117] and for an award of fees and expenses pursuant to the Court's February 25, 2011 Order [116]. After considering the record, the Court enters the following Order.

**I.  Motion for Reconsideration [117]**

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in

AO 72A
(Rev.8/82)

controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  Plaintiff has failed to demonstrate that any of these three grounds for reconsideration are present. Therefore, Plaintiff's Motion for Reconsideration [117] is **DENIED**.

## II.    Award of Fees and Expenses

The Court's February 25, 2011 Order [116] awarded Defendants "their reasonable expenses and attorney's fees in connection with the preparation and pursuit of this Motion for Contempt as well as for any expenses that are directly attributable to a re-inspection of the tires made necessary by Mr. Cottle's failure to make timely production."  (Dkt. [116] at 3).  On April 11, 2011, Defendants filed a Statement of Fees and Expenses [119].  Plaintiffs object to Defendants' Statement [119], asserting that this Court Order [116] does not allow Defendants to recover attorney and expert fees associated with the re-inspection.  Plaintiffs read the Court's Order too narrowly, as the attorney and expert fees sought by Defendants "are directly attributable to a re-inspection of the tires."

Having examined Defendants' Statement of Fees and Expenses [119] and finding the request to be reasonable, the Court **AWARDS** $6,723.00 for the fees and expenses incurred in pursuing the Motion for Contempt and Sanctions

[112] and $10,904.58 for the fees and expenses resulting from the re-inspection of the tires.

    **SO ORDERED**, this  2nd  day of May, 2011.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)