# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONTARIE M. STALLINGS, as the Administrator of the Estate of Terrell Stallings, Deceased, *et al.*,

    Plaintiffs,

v.

MICHELIN NORTH AMERICA, INC., *et al.*,

    Defendants.

CIVIL ACTION NO.
1:07-CV-2497-RWS

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Reconsider February 15, 2012 Spoliation Sanction Order against Plaintiffs and Troy Cottles ("Motion for Reconsideration") [135]. After reviewing the record, the Court hereby **DENIES** the Motion for Reconsideration [135] for the reasons that follow.

## **Background**

This is a product liability case concerning an allegedly defective and unreasonably dangerous tire. On May 23, 2011, Defendant moved for sanctions against Plaintiffs based on spoliation of evidence, namely, the metal wheel on

which the allegedly defective tire had been mounted and 23 of 24 test tires that Plaintiffs' tire expert, Mr. Troy Cottles, had used in a 2006 "compression grooving" study. (Def. Michelin North America, Inc.'s Mot. for Sanctions Based on Spoliation of Evidence ("Def.'s Mot. for Sanctions"), Dkt. [126] at 1, 8.) By Order dated February 15, 2012, the Court granted Defendant's Motion for Sanctions, finding Plaintiffs liable for spoliation both as to the wheel and the test tires. (Dkt. [134].) Plaintiffs now seek reconsideration of that Order, to the extent the Court granted Defendant's request for sanctions based on the spoliation of the test tires.

Prior to their spoliation, the test tires had been the subject of two Court Orders. The first was an Order of production, dated March 12, 2010: the Court ordered Plaintiffs to produce the 23 test tires and all other materials and data related to Mr. Cottles's study, including shearography and x-rays. (Order, Dkt. [107] at 17-18.) In accordance with this Order, Plaintiffs made the test tires available for Defendant's inspection, which inspection took place in May of 2010. (Pl.'s Mot. for Reconsideration, Dkt. [135] at 2-3.) Plaintiffs, however, failed to produce the shearography and x-rays as required; therefore, on June 7, 2010, Defendant filed a motion for contempt. (Dkt. [112].) In that motion,

2

Defendant asked the Court to order Plaintiffs to produce the shearography and x-rays and to reproduce the test tires for reinspection by Defendant. (Id. at 3.) Defendant explained that reinspection of the test tires would be necessary to compare the unproduced shearography and x-rays with visible findings on the tires. (Id. at 3.) On February 25, 2011, the Court granted Defendant's motion, finding Mr. Cottles and Plaintiffs in willful contempt and ordering Plaintiffs, among other things, to reproduce the test tires for Defendant's reinspection. (Order, Dkt. [116] at 3.)

When Defendant's expert reinspected the test tires, on March 31, 2011, he found that each tire had been sawed ("sectioned") into six non-uniform pieces. (Order, Dkt. [134] at 5.) Defendant's Motion for Sanctions followed. As stated above, by Order dated February 15, 2012, the Court found the sectioning of the test tires to constitute intentional and bad faith spoliation of evidence for which sanctions were warranted. (Id. at 9-10.) Plaintiffs now seek reconsideration of that finding. While they do not dispute that the test tires were spoliated, Plaintiffs contend that sanctions were not warranted because the spoliation was not in bad faith and is not prejudicial to Defendant. (See generally Pl.'s Mot. for Reconsideration, Dkt. [135].)

3

**Discussion**

**I.    Motion for Reconsideration Legal Standard**

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Id. at 1259.  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation."  Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Pres.

4

Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

## II.  **Plaintiffs' Motion**

The Court finds that Plaintiffs' arguments directed at the Court's prior Order do not fall within the limited range of objections that appropriately may be raised in a motion for reconsideration and, in any event, lack merit. Plaintiffs first argue that contrary to the Court's finding that the spoliation of the test tires was in bad faith (Order, Dkt. [134] at 10), Mr. Cottles "had no idea the Court would order a re-inspection [of the test tires]" and therefore was "not motivated by bad faith." (Pl.'s Mot. for Reconsideration, Dkt. [135] at 3.)  In support of this argument, Plaintiffs contend that the test tires were sectioned in September of 2010, four months after Plaintiffs originally produced the tires to Defendant and several months before the Court found Plaintiffs in contempt and ordered them to reproduce the test tires for Defendant's reinspection. (Id.) Plaintiffs further contend that the sectioning was conducted in the ordinary course of Mr. Cottles's testing, is a common practice in the industry, and was not an attempt to frustrate Defendant or the Court. (Id.)

5

This argument does not warrant reconsideration of the Court's February Order. First, Plaintiffs had ample opportunity to raise these arguments before the Court in its brief in opposition to Defendant's Motion for Sanctions or at oral argument held before this Court. Motions for reconsideration may not be used to assert new arguments that could have been raised at an earlier stage of the litigation. In any event, the Court finds these arguments to be without merit. Plaintiffs contend that the sectioning occurred at a time when Mr. Cottles "had no idea" that the Court would order a reinspection of the test tires. But as explained above, Defendant, on June 7, 2010, specifically requested the Court to order reproduction of the test tires. Therefore, as of that date, Plaintiffs were on clear notice that such an order could issue and thus obligated to insure the preservation of the test tires by Plaintiffs' expert, Mr. Cottles. The Court need not reconsider its finding that the sectioning of the test tires, which occurred in September of 2010, was done in bad faith.

Plaintiffs' second argument in support of its Motion for Reconsideration is that the spoliation of the test tires left Plaintiffs and Defendant "on equal footing" and therefore was not prejudicial to Defendant. (Dkt. [135] at 3-4.) This argument has already been raised by Plaintiffs and rejected by the Court.

6

(Pl.'s Resp. to Def. MNA's Motion for Sanctions Based on Spoliation of Evidence, Dkt. [127] at 4; Order, Dkt. [134] at 9.) Accordingly, this argument is not a proper ground for a motion for reconsideration.

## Conclusion

In accordance with the foregoing, the Court hereby **DENIES** Plaintiffs' Motion to Reconsider February 15, 2012 Spoliation Sanction Order against Plaintiffs and Troy Cottles [135].

**SO ORDERED**, this  23rd  day of April, 2012.

*[signature]*

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)